# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| DARIN KEITH GIBSON, | ) |
| Plaintiff, | ) |
| v. | ) Case No.: 4:18-cv-00273-SGC |
| SOCIAL SECURITY ADMINISTRATION, Commissioner, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION[1]

Plaintiff, Darin Keith Gibson, appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner") denying his application for a period of disability and disability insurance benefits ("DIB"). (Doc. 1). Plaintiff timely pursued and exhausted his administrative remedies, and the decision of the Commissioner is ripe for review. For the reasons stated below, the Commissioner's decision is due to be affirmed.

## I. FACTS, FRAMEWORK, AND PROCEDURAL HISTORY

Plaintiff was forty-eight years old when he filed his DIB application; he was fifty at the time of the hearing before the Administrative Law Judge ("ALJ") and when the ALJ issued his decision. (*See* R. 28, 34-35, 41). As of Mach 31, 2016, the

---

[1] The parties have consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c). (Doc. 13).

last date Plaintiff was insured for DIB, he was forty-nine years old; he would turn fifty a little more than a month later. (*See* R. 231). Plaintiff has at least a high school education and speaks English; he has prior work experience as a delivery route driver and receiving clerk. (R. 62). Plaintiff filed the instant application on June 24, 2014, alleging a disability onset of June 14, 2014, due to a number of conditions stemming from a 2013 heart attack and a 2014 stroke. (R. 28, 235).

When evaluating the disability of individuals over the age of eighteen, the regulations prescribe a five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920; *Doughty v. Apfel,* 245 F.3d 1274, 1278 (11th Cir. 2001). The first step requires a determination whether the claimant is performing substantial gainful activity ("SGA"). 20 C.F.R. § 404.1520(a)(4)(i). If the claimant is engaged in SGA, he or she is not disabled and the evaluation stops. *Id*. If the claimant is not engaged in SGA, the Commissioner proceeds to consider the combined effects of all the claimant's physical and mental impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). These impairments must be severe and must meet durational requirements before a claimant will be found disabled. *Id*. The decision depends on the medical evidence in the record. *See Hart v. Finch,* 440 F.2d 1340, 1341 (5th Cir. 1971). If the claimant's impairments are not severe, the analysis stops. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). Otherwise, the analysis continues to step three, at which the Commissioner determines whether the claimant's impairments

meet the severity of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairments fall within this category, the claimant will be found disabled without further consideration. *Id.* If the impairments do not fall within the listings, the Commissioner determines the claimant's residual functional capacity ("RFC"). 20 C.F.R. §§ 404.1520(e), 416.920(e).

At step four the Commissioner determines whether the impairments prevent the claimant from returning to past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, he or she is not disabled and the evaluation stops. *Id.* If the claimant cannot perform past relevant work, the analysis proceeds to the fifth step, at which the Commissioner considers the claimant's RFC, as well as the claimant's age, education, and past work experience, to determine whether he or she can perform other work. *Id.*; 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the claimant can do other work, he or she is not disabled. *Id.*

Applying the sequential evaluation process, the ALJ found Plaintiff had not engaged in SGA since his application date. (R. 30). At step two, the ALJ found Plaintiff suffered from the following severe impairments: (1) status post myocardial infarction; (2) status post cerebrovascular accident with transient ischemic attack; and (3) status post coronary artery bypass grafting. (R. 30).

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments meeting or medically equaling any of the listed impairments through the date last insured. (R. 32). Before proceeding to step four, the ALJ determined Plaintiff had the RFC to perform the full range of sedentary work as defined in 20 C.F.R. § 404.1567(a). (R. 32).

At step four, the ALJ determined Plaintiff was unable to perform any past relevant work. (R. 34). However, the ALJ concluded the Medical-Vocational Guidelines ("Grids") showed Plaintiff could perform other jobs in light of his age, education, RFC, and work experience. (R. 35). The ALJ concluded by finding Plaintiff was not disabled. (*Id.*).

## II. STANDARD OF REVIEW

A court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of its review is limited to determining (1) whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and (2) whether the correct legal standards were applied. *See Stone v. Comm'r of Soc. Sec.*, 544 F. App'x 839, 841 (11th Cir. 2013) (citing *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004)). A court gives deference to the factual findings of the Commissioner, provided those findings are supported by substantial evidence but applies close scrutiny to the legal conclusions. *See Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996).

Nonetheless, a court may not decide facts, weigh evidence, or substitute its judgment for that of the Commissioner. *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004)). "The substantial evidence standard permits administrative decision makers to act with considerable latitude, and 'the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence.'" *Parker v. Bowen*, 793 F.2d 1177, 1181 (11th Cir. 1986) (Gibson, J., dissenting) (quoting *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966)). Indeed, even if a court finds that the proof preponderates against the Commissioner's decision, it must affirm if the decision is supported by substantial evidence. *Miles*, 84 F.3d at 1400 (citing *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990)).

No decision is automatic, for "despite th[e] deferential standard [for review of claims], it is imperative that th[is] Court scrutinize the record in its entirety to determine the reasonableness of the decision reached." *Bridges v. Bowen*, 815 F.2d 622, 624 (11th Cir. 1987) (citing *Arnold v. Heckler*, 732 F.2d 881, 883 (11th Cir. 1984)). Moreover, failure to apply the correct legal standards is grounds for reversal. *See Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984).

### III. DISCUSSION

On appeal, Plaintiff contends the ALJ committed two related legal errors, both

of which concern the application of the Grids. First, Plaintiff argues that because of his age, the ALJ erred in mechanically applying the Grids. (Doc. 9 at 15-17). Second, Plaintiff contends the ALJ's application of the Grids failed to account for Plaintiff's non-exertional limitations. (*Id.* at 17-19). Each issue is addressed in turn.

### A. <u>Mechanical Application of the Grids</u>

"For DIB claims, a claimant is eligible for benefits where [he] demonstrates disability on or before the last date for which [he was] insured." *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005); *see* 42 U.S.C. § 423(a)(1)(A). Here, Plaintiff was insured through March 31, 2016, when he was forty-nine years old; he would turn fifty on May 8, 2016. Grid Rule 201.21 contemplates a "younger person"—defined as under age fifty, 20 C.F.R. § 404.1563(c)—who: (1) has a high school education; (2) lacks transferrable job skills; and (3) is capable of performing the full range of sedentary work. The ALJ concluded Plaintiff met the criteria of Grid Rule 201.21 and was not disabled. Plaintiff contends that, because he was on the verge of turning fifty—when he would be classified as "closely approaching advanced age," 20 C.F.R. § 404.1563(d)—the ALJ should have applied Grid Rule 201.14. Grid Rule 201.14 applies to individuals between fifty and fifty-four; it's application would have resulted in finding Plaintiff disabled.

Once a claimant proves he is unable to perform his past relevant work, the burden shifts to the Commissioner to prove he can perform other available work.

*Reeves v. Heckler*, 734 F.2d 519, 525 (11th Cir. 1984). As the Eleventh Circuit has explained:

> In discharging this burden the Secretary may use the age factor as applied in the grids as evidence of the claimant's ability to adapt to a new work environment, but this age factor shall not be conclusive. If the claimant then proffers substantial credible evidence that his ability to adapt is less than the level established under the grids for persons his age, the Secretary cannot rely on the age factor of the grids and must instead establish the claimant's ability to adapt to a new work environment by independent evidence.

*Id.* This shifting burden allows the Commissioner "to rely in the first instance on the age grids." *Id.* If the claimant introduces evidence showing "his ability to adapt is more limited than that presumed by the grids for" a given age cohort, the burden shifts back to the Commissioner to "prove [his] ability to adapt by other evidence." *Id.* at 525-26. "If the claimant does not make such a proffer, the ALJ's mechanistic use of the age grids would be harmless error and there would be no need for the Secretary to reconsider the age/ability factor." *Id.* at 526. Moreover, a plaintiff challenging the application of the Grids cannot solely rely on the fact that he was on the cusp of a regulatorily significant birthday. *Miller v. Comm'r of Soc. Sec.*, 241 F. App'x 631, 635–36 (11th Cir. 2007); *see also Craig v. Colvin*, No. 14-0297-JHE, 2015 WL 5286944, at *4 (N.D. Ala. Sept. 8, 2015) ("The ALJ is not required to automatically adjust the age bracket simply because a plaintiff is close to reaching it and the adjustment would change the outcome.").

Here, the ALJ's conclusion that Plaintiff was a younger person is factually correct because the plaintiff was forty-nine years old when his DIB coverage lapsed. Plaintiff's only argument as to why the ALJ should have categorized him as closely approaching advanced age was the proximity of his fiftieth birthday. (Doc. 9 at 15-17). Accordingly, Plaintiff's first issue on appeal is without merit.

### B. <u>Non-Exertional Limitations</u>

Next, Plaintiff contends the ALJ erred in applying the Grids because of his non-exertional limitations. (Doc. 9 at 17-19). Specifically, Plaintiff points to his testimony during the ALJ hearing that his heart attack, stroke, and bypass surgery: (1) caused muscle loss; (2) affected his ability to speak, read, and write; and (3) caused depression and anxiety. (*Id.* at 19). Accordingly, Plaintiff contends the ALJ erred by failing to elicit testimony from a vocational expert ("VE") regarding the existence of jobs in the national economy which Plaintiff could perform. (*Id.* at 17-19).

As previously noted, where a claimant cannot perform his past relevant work, the ALJ must determine whether the claimant can perform other jobs which exist in significant numbers. 20 C.F.R. §§ 404.1566(d), (e), 404.1569; *Phillips*, 357 F.3d at 1238-39. In determining whether a significant number of jobs exist which the plaintiff could perform, the ALJ may rely on the Grids or VE testimony. 20 C.F.R. §§ 404.1566(d), (e), 404.1569; *Phillips*, 357 F.3d at 1239-40. Exclusive reliance on

the Grids is appropriate where the claimant can perform the full range of work at an exertional level and has no non-exertional limitations. *Phillips*, 357 F.3d at 1242-43.

Here, the ALJ considered Plaintiff's testimony concerning his non-exertional limitations but concluded his testimony concerning the intensity, persistence, and limiting effects of these symptoms was inconsistent with the evidentiary record. (R. 32-34). As explained below, the ALJ's conclusion in this regard is supported by substantial evidence. *See Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 782 (11th Cir. 2014) ("credibility determinations are the province of the ALJ, and we will not disturb a clearly articulated credibility finding supported by substantial evidence") (citation omitted).

Following his June 14, 2014 stroke, doctors determined Plaintiff had suffered a heart attack in September 2013 that was misdiagnosed as heartburn. (*See* R. 31). Plaintiff underwent coronary bypass surgery on September 30, 2014, and was discharged on October 7, 2014. (*See id.*). To the extent the plaintiff testified to muscle loss (R. 46), treatment records following his surgery contradict this testimony. Treatment notes consistently reflect Plaintiff had a "normal gait with good muscle strength" (*e.g.* R. 446, 450, 520, 543, 548), and he consistently denied "muscle aches and muscle weakness" (*e.g.* R. 451, 521, 539, 544, 549, 585). The same is true for Plaintiff's testimony regarding difficulty speaking. While Plaintiff

9

presented with garbled speech immediately after his stroke, treatment notes following his recovery are silent in this regard, and Plaintiff consistently denied problems with speech, memory, or confusion. (*E.g.* R. 451, 521, 538, 544, 549, 585).

Regarding medical evidence of depression through Plaintiff's last date insured, save one doctor's visit in February 2, 2015, Plaintiff: (1) denied extreme stress and depression (*e.g.* R. 451, 521, 539, 544, 549, 586); and (2) was noted to have "normal mood and affect" (*e.g.* R. 520, 539, 543, 548, 579, 586). On February 2, 2015, four months after undergoing bypass surgery, Plaintiff reported experiencing depression and mood swings. (R. 591-92). He was diagnosed with mild depression and prescribed medication. (*Id.*). It appears this treatment was successful because the rest of the record is devoid of any further reports of depression until November 2, 2016, seven months after his date last insured. (R. 631). Moreover, the treatment note from the November 2, 2016 doctor's visit indicates the medication prescribed in February 2015 was effective and that Plaintiff's worsening depression and anxiety only began two weeks prior to the November 2016 visit. (R. 632) (although he had "great response to Wellbutrin initially," Plaintiff reported "his medication is no longer working and his depression is getting worse").

Again, the relevant inquiry is whether Plaintiff was disabled before March 31,

2016—his date last insured.  Here, the only mention of depression during the relevant time appears in the February 2, 2015 treatment note; the medication prescribed was effective until mid-October 2016.  Simply put, substantial evidence in the medical record supports the ALJ's finding that Plaintiff's testimony regarding the severity of his depression and anxiety was less than fully credible.  The same is true regarding the other non-exertional limitations on which Plaintiff's briefing relies.  Accordingly, the ALJ did not err in relying on Grid Rule 201.21 to find Plaintiff was not disabled.

## IV. CONCLUSION

Upon review of the administrative record and considering all of Plaintiff's arguments, the undersigned finds the Commissioner's decision is supported by substantial evidence and is in accord with applicable law.  Accordingly, the Commissioner's decision is due to be affirmed.  A separate order will be entered.

**DONE** this 30th day of September, 2019.

_/s/ Staci G. Cornelius_
STACI G. CORNELIUS
U.S. MAGISTRATE JUDGE